IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DIST. COURT
SAVANNAH DIV.

APR 24  8 51 AM '98

CLERK, _____
SO. DIST. OF GA.

| | |
|---|---|
| CRAIG NEWSOME, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO. |
| vs. | ) CV697-99 |
| | ) |
| JOHNNY SIKES, A.G. THOMAS, DALE COLLINS, LOUISE CASEON, CHRISTINE JIMINEZ, DR. PARIS, AND DR. JACOBS | ) |
| Defendants. | ) |

## DEFENDANT CHRISTINE JIMINEZ, PA'S BRIEF IN SUPPORT OF HER MOTION TO DISMISS

Defendant Christine Jiminez, PA has moved this Court to dismiss Plaintiff's claims against her for failing to comply with the requirements of the Prison Litigation Reform Act.

### STATEMENT OF FACTS

Plaintiff has sued Defendant Jiminez, as well as other defendants employed at the Georgia State Prison because he alleges he was abused by an officer and suffered a hand injury on or about January 7, 1997. Complaint, Statement of Claim, ¶ 1. Plaintiff claims that he was not examined in response to complaints of back pain following the alleged assault. He also states that Defendant Jiminez dismissed his complaints of finger pain and swelling as a sprain. Complaint, Statement of Claim, ¶ 2.

Plaintiff filed his 42 U.S.C. § 1983 lawsuit on or about August 5, 1997. Complaint.

34

## ARGUMENT AND CITATION OF AUTHORITY

The Prison Litigation Reform Act of 1995 amended a number of federal statutes affecting the ability of prisoners to file federal lawsuits. Specifically, 42 U.S.C. § 1997e(a) was amended to require that, prior to filing an action in a federal court, a prisoner <u>must</u> exhaust his available administrative remedies. As amended, that statute now states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." <u>See</u> 42 U.S.C. 2§ 1997e(a). A grievance procedure is the type of administrative remedy a prisoner might reasonably be expected to utilize. Plaintiff failed to exhaust those administrative remedies before filing suit.

As further analysis of the Prison Litigation Reform Act, Defendant Jiminez adopts in whole Defendants Thomas, Collins and Paris' Motion to Dismiss and the legal analysis contained in their brief filed in support of their Motion to Dismiss.

Therefore, Defendant Christine Jiminez, PA respectfully moves this Court to dismiss Plaintiff's Complaint.

Respectfully submitted this 21st day of April, 1998.

Mark G. Trigg
Georgia Bar No. 716295

David Anderson Hooker
Georgia Bar No. 364980

Attorneys for Defendant
Christine Jiminez, PA

2

**MEADOWS, ICHTER & TRIGG**
Eight Piedmont Center, Suite 300
3525 Piedmont Road
Atlanta, Georgia 30305
(404) 261-6020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORIA
STATESBORO DIVISION

| | |
|---|---|
| CRAIG NEWSOME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| vs. ) | CV697-99 |
| ) | |
| JOHNNY SIKES, A.G. THOMAS, ) | |
| DALE COLLINS, LOUISE CASEON, ) | |
| CHRISTINE JIMINEZ, DR. PARIS, ) | |
| AND DR. JACOBS ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this day served all parties with **Defendant Christine Jiminez, P.A.'s Motion to Dismiss and Brief in Support of her Motion to Dismiss** by depositing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Craig Newsome
EF #343953
Georgia State Prison
HCO-1
Reidsville, Georgia 30453

Kathleen Pacious, Esq.
40 Capitol Square
Atlanta, Georgia 30034-1300

This 22nd day of April, 1998.

_____
David Anderson Hooker